# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1575 | **DATE** | 4/16/2003 |
| **CASE TITLE** | Salvador Garcia, etc. vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Accordingly this action will proceed solely as an individual lawsuit by Garcia on his own behalf. Complaint ¶¶13 through 20, the allegations of Complaint ¶¶24 and 29 as to class members and the portion of the Complaint's prayers for relief having to do with class members are stricken. And of course the prayer for an order certifying the class is denied as to each of the two counts in the Complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 1 7 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/16/2003 | |
| SN | courtroom deputy's initials | 03 APR 16 PM 4:04 | date mailed notice SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SALVADOR GARCIA, etc., et al., )
)
  Plaintiffs, )
)
v. ) No. 03 C 1575
)
CITY OF CHICAGO, )
)
  Defendant. )

DOCKETED
APR 17 2003

MEMORANDUM ORDER

City of Chicago ("City") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by Salvador Garcia ("Garcia") through his next friend Nancy Garcia. This memorandum order is issued sua sponte to address, in light of a recent development identified in City's responsive pleading, only the putative class allegations that have been included in Garcia's Complaint.

In material part Garcia has advanced a facial challenge to Chicago Municipal Code §8-8-070 (the "Ordinance"), pursuant to which Garcia (who was acting with two others) was charged and taken into custody for assertedly making gang signs, shouting gang slogans at passing vehicles and pedestrians and engaging in threatening behavior (one of Garcia's associates assertedly removed a handgun from his back pocket in the course of that activity). Garcia's arrest and charge form the gravamen of the class allegations found at Complaint ¶¶13-20. But importantly in that respect, Answer ¶17 and AD 2 state that as of March 27, 2003

the Chicago Police Department instructed all officers that the Ordinance was no longer to be enforced.

That of course moots any facial attack on the Ordinance for future purposes.[1] Even more critically, the already problematic issue of Garcia's ability to satisfy the typicality precondition to class certification under Fed. R. Civ. P. ("Rule") 23(a)(3) has plainly hardened into a certainty that Rule 23(b)(3) cannot be satisfied. With the issue having reduced itself to the potential for the putative class members' recovery of damages for past enforcement of the Ordinance (that potential assumes for present purposes that the attack on its constitutionality would prove successful), there is no question that the individualized determinations of liability and damages of the different plaintiffs would strongly predominate over the question of constitutionality that would be common to putative class members.

Accordingly this action will proceed solely as an individual lawsuit by Garcia on his own behalf. Complaint ¶¶13 through 20, the allegations of Complaint ¶¶24 and 29 as to class members and the portion of the Complaint's prayers for relief having to do with class members are stricken. And of course the prayer for an

---

[1] This Court recognizes that governmental officials cannot bind their successors in the absence of some formal action that would bar any future change of heart. Accordingly this memorandum order is being issued in the expectation that City's Corporation Counsel will promptly take the necessary steps to bring a proposal for formal repeal of the Ordinance before the City Council.

2

order certifying the class is denied as to each of the two counts in the Complaint.

										_____
										Milton I. Shadur
										Senior United States District Judge

Date: April 16, 2003